UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | |
| JAMES C. LANDSTREET, ESQ. | ) | Case No.  1:09-MC-2 |
| BPR No. 013509 | ) | |
| | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM & ORDER**

Upon admission to the bar of a federal court, attorneys become subject to certain professional

expectations, requirements, and standards.  Attorneys admitted to the bar of the Eastern District of

Tennessee subject themselves to the requirements and standards prescribed in E.D.TN.  L.R. 83.7[1].

*See In re Moncier*, 550 F.  Supp.  2d 768, 769-70 (E.D. Tenn.  2008).   Under the framework

provided in L.R. 83.7, the Chief Judge of the district is provided with the responsibility and authority

to impose appropriate discipline for violations of those requirements and standards.

On March 25, 2009, pursuant to E.D.TN. L.R. 83.7(b), the Court ordered Respondent James

C. Landstreet ("Landstreet" or "Respondent") to show cause concerning allegations of professional

misconduct (Court File No. 1).  Landstreet responded, declining a hearing on the charges (Court File

No. 2).  Having evaluated the evidence in this case, the Court determines discipline is warranted.

Accordingly, the Court **REPRIMANDS** Respondent for his failure to meet the standards required

of members of the bar of the Eastern District of Tennessee.

---

[1]Local Rule 83.7 is patterned after the comparable rule of the United States Court of
Appeals for the Sixth Circuit, 6th Cir. R. 46(b).  In large measure it is identical to the Sixth
Circuit Rule.  It is also similar to the rules governing attorney conduct in many other federal
courts.

## I. PROCEDURAL HISTORY AND BACKGROUND

The instant proceeding arises from a related case in which Landstreet's law partner, Thomas Cowan ("Cowan") was suspended by the Court following an investigation into his conduct in the cases listed below (*In re Cowan*, Case No. 1:08-mc-3).

### A. Cowan Investigation

The matter came to the Court's attention because it initially appeared Cowan was suspended from the practice of law, but was providing legal services in violation of his suspension. Cowan had written a letter dated December 20, 2007, to certain of his clients informing them that he had entered into an agreement with the Tennessee Board of Professional Responsibility whereby he was suspended from practice for 90 days beginning in approximately December 2007 and lasting until March 2008 (*In re Cowan*, Case No. 1:08-mc-3, Court File No. 1). He notified the clients that Landstreet would be handling their cases. However, it appeared that although Cowan had represented to the clients that Landstreet would be handling their cases, Landstreet did not meet with the clients and that Cowan performed all of the legal work. From this it appeared Cowan may have represented clients notwithstanding his suspension and may have procured another attorney, Landstreet, to lend his name to the clients' cases. In simple terms it appeared Landstreet was acting as a front, *In re Mitchell*, 901 F.2d 1179, 1187 (3d Cir. 1990), for Cowan while Cowan was under suspension. Additionally, some of the information contained in the court filings appeared to be inaccurate.

Based upon these preliminary facts, the Court issued a Show Cause Order initiating disciplinary action against Cowan (*In re Cowan*, Case No. 1:08-mc-3, Court File No. 2). Cowan

contested the alleged misconduct (*id.*, Court File No. 4). United States Bankruptcy Judge Marcia

Phillips Parsons was appointed as the judicial officer under L.R. 83.7(g) to investigate the allegations

of the show cause order, conduct hearings if necessary, and issue a written recommendation (*id.*,

Court File No. 5). During the course of the disciplinary proceeding Judge Parsons determined

Cowan was never suspended because the agreement he had entered into with the Board of

Professional Responsibility had not been accepted by the Tennessee Supreme Court and the matter

regarding Cowan was remanded to the Board of Professional Responsibility. Judge Parsons

determined that the allegation Cowan had engaged in the practice of law in this court while under

suspension by the state of Tennessee to be unfounded. Judge Parsons reviewed the response Cowan

filed to the Show Cause Order, the applicable law, and recommended disciplinary action against

Cowan. She also recommended the initiation of disciplinary action Landstreet (*id.*, Court File No.

6).

### B.      Recommendations of Bankruptcy Judge Marcia Parsons

At the conclusion of her recommendations, Judge Parsons recommended "that disciplinary

proceedings be initiated against attorney J. Collins Landstreet II" (*id.*). Specifically she

recommended the disciplinary proceeding against Landstreet concern:

> Landstreet's failure to discover the fee error in the Disclosure of Compensation
> Statements; whether he erroneously advised the clients they would have 15 days after
> the bankruptcy filing to obtain credit counseling, thereby violating Tennessee Rule
> of Professional Conduct 1.1; whether he violated Federal Rule of Bankruptcy
> Procedure 9011 by failing to conduct a reasonable inquiry to determine the debtors'
> eligibility for bankruptcy relief and the correctness of the information set forth in the
> debtors' bankruptcy papers; and whether he violated Rule 9011 and is guilty of a
> fraud on the court by filing the bankruptcy case of Chad and Tammany Markland
> prior to their having signed the documents, yet representing to the court that they had
> in fact been signed.

3

Case 1:09-mc-00002-TAV   Document 3   Filed 05/14/09   Page 3 of 15   PageID #: 14

(*id.*).

**C.      The Show Cause Order**

Pursuant to Judge Parsons's recommendation, on March 25, 2009, the Court issued a Show

Cause Order outlining the suspected professional misconduct.  The allegations related to Landstreet's

representation of clients in the following bankruptcy cases (Court File No. 1):

| | | |
|---|---|---|
| 1. | In re Rebecca L. Bales, | Case No.  08-50357 |
| 2. | In re Norman Dayton Markland, | Case No.  08-50373 |
| 3. | In re Billy Joe Shepherd and Sandra Jane Shepherd, | Case No.  08-50366 |
| 4. | In re Chad Markland and Tammany Celesta Markland, | Case No.  08-50365 |
| 5. | In re Debra Jeanette Glines, | Case No.  08-50364 |
| 6. | In re Benjamin Earl Bishop and Krisna Jean Bishop, | Case No.  08-50361 |
| 7. | In re Steven Lee Rasnick and Nina Jo Rasnick | Case No.  08-50358 |

Specifically, the Show Cause Order alleged Landstreet charged clients more than the fee disclosed

in the bankruptcy disclosure statements filed with the court and/or failed to discover the fee error in

the Disclosure of Compensation Statements; erroneously advised clients they would have 15 days

after the bankruptcy filing to obtain credit counseling, in violation of Tennessee Rule of Professional

Conduct 1.1; violated Federal Rule of Bankruptcy Procedure 9011 by failing to conduct a reasonable

inquiry to determine debtors' eligibility for bankruptcy relief and the correctness of information set

forth in the debtors' bankruptcy papers; violated Federal Rule of Bankruptcy Procedure 9011 and

committed fraud on the court by filing the bankruptcy case of Chad and Tammany Markland prior

4

to their having signed the documents purportedly bearing their signatures; and acted in an unprofessional and unethical manner and/or violated the Tennessee Rules of Professional Conduct (Court File No. 1).

### D. Landstreet's Response

Landstreet responded to the allegations contained in the Show Cause Order (Court File No. 2). In his response, Landstreet explained the scope of his representation of the clients in the above cases. Prior to Landstreet assuming representation, he contends Cowan consulted with the clients and informed them of the need to complete credit counseling prior to filing for bankruptcy and otherwise confirmed the clients' eligibility for bankruptcy. In addition, Landstreet asserts he did not know the fees disclosed in the bankruptcy petitions were incorrect and Cowan had resumed representation of the clients when the discrepancies were pointed out by the United States Trustee. Further, as a result of an agreement with the United States Trustee, all fees paid by the clients were disgorged. As to the case of Chad and Tammany Markland ("Marklands"), Landstreet admits to filing the petition for bankruptcy before the clients had signed the paper copy of the petition, but asserts the petition was inadvertently bundled with other cases and filed prior to completion. Landstreet subsequently filed amended documents once the Marklands had signed the documents. Finally, Landstreet submits that since all cases were favorably disposed in bankruptcy court, his representation of the clients was adequate.

## II. DISCUSSION

A federal court "has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In the Eastern District of

Tennessee, the court "may impose discipline on any member or its bar who has violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee, or has engaged in unethical conduct tending to bring the court or the bar into disrepute." E.D.TN. L.R. 83.7(a). Formal disciplinary proceedings are initiated, either after submission of a complaint or on the Chief Judge's own initiative, by the Chief Judge through an order to show cause, to which the member of the bar has twenty days to respond. E.D.TN. L.R. 83.7(b), (d). The local rules provide for a hearing on disciplinary charges, which Landstreet declined (Court File No. 2). E.D.TN. L.R. 83.7(d)(4), (h). The Court determines a hearing on the disciplinary charges is not necessary, as the record contains sufficient evidence for proper disposition of the charges. E.D.TN. L.R. 83.7(h). In order to support discipline, allegations must be proven by "clear and convincing evidence." E.D.TN. L.R. 83.7(h)(4).

### A. Filing Inaccurate Disclosure of Compensation Statements

In the Show Cause Order, the Court ordered Landstreet to respond to the allegation he "charged clients more than the fee disclosed in the bankruptcy disclosure statements filed with the court and/or failed to discover the fee error in the Disclosure of Compensation Statements" (Court File No. 1). Federal Rule of Bankruptcy Procedure 2016(b) implements 11 U.S.C. § 329, which requires "any attorney representing a debtor in a case under this title . . . [to] file with the court a statement of the compensation paid or agreed to be paid." 11 U.S.C. § 329(a). The purpose of the requirement is to "protect both creditors and the debtor against overreaching attorneys." *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001).

The disclosure statements filed by Landstreet in the relevant cases revealed $750 was paid for legal services. However, in each case, the debtors paid more than what was disclosed. Landstreet explains the base attorney's fee in the fee schedule for filing Chapter 7 bankruptcy cases

6

was raised from $750 to $1000 after the office completed training for the court's electronic filing system. However, the default setting on the software program used to create the disclosure form was not updated. The discrepancy was discovered by the United States Trustee and was pointed out to Cowan, who had resumed representation of the clients, at the Section 341 meeting in each case. Subsequently, Cowan and Landstreet agreed to disgorge the fees paid by the clients. However, neither Cowan nor Landstreet ever corrected the Disclosure of Compensation Statements.

Landstreet had an obligation under § 329 as implemented by the Federal Rules of Bankruptcy Procedure 2016(b) and 2017 to "disclose fully and completely all fee arrangements and payments." *In re Kisseberth*, 273 F.3d at 720. It is undisputed the disclosure statements, which revealed $750 paid for services rendered, were inaccurate and incomplete. Landstreet had an obligation to ensure any filings he submitted were accurate and complete regardless of whether his staff or another lawyer prepared the filing. The Court finds by clear and convincing evidence this allegation is sustained. The violation of Rule 2016 is sanctionable behavior.

**B.      Advising Clients They Had 15 Days After Bankruptcy Filing to Obtain Credit Counseling**

Since none of the individuals in the relevant cases had completed the required credit counseling at the time their bankruptcy petitions were filed, the Show Cause Order required Landstreet to respond to the allegation some clients may have believed they had 15 days after the bankruptcy filing to obtain the counseling. By statute, all individuals must participate in consumer credit counseling prior to filing a petition for bankruptcy. 11 U.S.C. § 109(h). Section 109, which defines the requirements for being a debtor, states: "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition,

7

received . . . an individual or group briefing." *Id.* § 109(h)(1). An individual who does not comply with the statute risks having the bankruptcy petition dismissed. *See, e.g., In re Cole*, 347 B.R. 70 (Bankr. E.D. Tenn. 2006) (dismissing the case of an individual who received credit counseling on the day of filing the petition). While individuals may file proof they received the required briefing after the petition is filed, in order to be eligible for relief, the credit counseling must be obtained before filing the petition for bankruptcy.

Landstreet asserts all clients were adequately advised of the need to receive credit counseling prior to filing the bankruptcy petition. The clients received a letter from Cowan, informing them Landstreet would be assuming their representation, advising them of the need to obtain pre-bankruptcy counseling, and providing a list of course providers. In addition, Landstreet submits Cowan advised the clients regarding credit counseling in the initial meeting with the clients.

While none of the creditors had received the pre-bankruptcy credit counseling prior to filing the petition for bankruptcy, most seemed aware of the requirement. In the letter Cowan sent to the creditors, informing them Landstreet would assume their representation, Cowan informed the clients of the requirement to take the pre-bankruptcy course. Although testimony from the debtors indicates some were unclear on when they needed to complete the credit counseling, the evidence does not support a finding Landstreet misinformed the clients regarding the required pre-bankruptcy counseling.

C.     **Failing to Conduct a Reasonable Inquiry to Determine Debtor's Eligibility for Bankruptcy Relief**

As stated above, one of the requirements for filing a bankruptcy petition is meeting the statutory definition of a debtor, which includes completion of a credit counseling course. Despite

8

this requirement, at the time of the filing of the bankruptcy petitions in each case, none of the

creditors had received pre-bankruptcy credit counseling and, thus, were ineligible for bankruptcy

relief. The Show Cause Order required Landstreet respond to the allegation he failed to conduct a

reasonable inquiry to determine whether his clients met the requirements to be a debtor under the

statute. Pursuant to Federal Rule of Bankruptcy Procedure 9011(b), by filing a petition for

bankruptcy relief with the Court, an attorney:

> is certifying to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and
> other legal contentions therein are warranted by existing law or by a nonfrivolous
> argument for the extension, modification, or reversal of existing law or the
> establishment of new law; (3) the allegations and other factual contentions have
> evidentiary support or, if specifically so identified, are likely to have evidentiary
> support.

Rule 9011 places upon attorneys an affirmative duty to make a reasonable investigation of the facts

and law before submitting a petition. The attorney's signature on the bankruptcy petition is a

certification that the pleadings are accurate. Fed. R. Bankr. P. 9011; *In re Merriam*, 250 B.R. 724,

733 (Bankr. D. Colo. 2000). Included in the bankruptcy petition is a form certifying the creditor

completed the required credit counseling in the 180 days prior to the filing of the case (Official

Bankruptcy Form, Exhibit D).

Landstreet does not dispute the failure to comply with the requirement of pre-bankruptcy

counseling, but contends it is not "an essential prerequisite to filing a bankruptcy case" since none

of the cases were dismissed (Court File No. 2). While the bankruptcy court could have dismissed

the cases either sua sponte or on motion of the U.S. Trustee for the failure to obtain timely credit

counseling, *see, e.g., Cole*, 347 B.R. 70, the resolution of the cases does not negate a violation of

Rule 9011. Landstreet made no inquiry before filing the petitions to determine whether the creditors

had completed the necessary counseling. Landstreet had a personal responsibility to ensure the clients had undergone the required counseling. A phone call to the clients before filing their cases would have been sufficient to determine whether they had received credit counseling. Landstreet's failure to do so was unreasonable under Rule 9011 and a violation of his professional duty to provide competent representation under Rule 1.1 of the Tennessee Rules of Professional Conduct. Landstreet's conduct is grounds for discipline. The Court finds by clear and convincing evidence this allegation is sustained.

> **D.     Filing the Case of Chad and Tammany Markland Prior to Their Having Signed the Documents Purporting to Bear Their Signatures**

The Show Cause Order required Landstreet to respond to the charge he filed the bankruptcy petition of Chad and Tammany Markland, which bore their electronic signature, before they had signed the documents. In his response, Landstreet admitted to inadvertently bundling the Marklands' petition with others, which were ready to be filed. Under Rule 9011, an attorney submitting a petition is representing to the court the persons required to sign and verify the documents did so before it was filed. Fed. R. Bankr. P. 9011(a)-(b). Rule 1008 requires all petitions, lists, schedules, statements, and amendments thereto be verified by the debtor.

It is uncontested Landstreet caused the petition to be filed prior to the Marklands' signing the documents purporting to bear their signatures. A petition without valid signatures was not proper or warranted under existing law and thus violated Rule 9011. *In re Wenk*, 296 B.R. 719, 728 (Bankr. E.D. Va. 2002) (imposing sanctions on an attorney who filed a bankruptcy petition not signed by the debtor). Although Landstreet contends this was not done willfully, this is not an excuse or justification for unprofessional conduct. Professional standards must be adhered to whether or not

10

the attorney acts willfully, negligently, or incompetently.  This is a violation of Rule 9011 and is grounds for discipline.  The Court finds by clear and convincing evidence this allegation is sustained.

## III.    DISCIPLINE

Having found Landstreet's conduct was unprofessional and unethical, and violated the Tennessee Rules of Professional Conduct, the Court must determine what disciplinary action is warranted.

### A.    Aggravating Factors

Landstreet has not accepted responsibility for his conduct in these cases.  He attempts to excuse his lack of diligence in his clients' cases by asserting the court did not dismiss their cases. Landstreet contends "each client was granted a discharge from all debts scheduled and allowed to retain all exempt property claimed, through discharge granted at the conclusion of each case, which conclusively establishes that each client was eligible for relief under Chapter 7 of the bankruptcy act and provided adequate representation by Respondent" (Court File No. 2).  However, the fact the bankruptcy court exercised its discretion in such a manner so as not to penalize the clients occurred in spite of Landstreet's actions, not because of his actions.  Thus it is hard to accept this reason as a justification for unprofessional conduct.  The lack of any actual prejudice to his clients does not excuse Landstreet's failure to comply with the Federal Rules of Bankruptcy Procedure or the Tennessee Rules of Professional Conduct.  An attorney is required to act professionally regardless of whether the client will suffer actual harm.  The legal profession does not operate under a no harm no foul rule.   Landstreet's lack of remorse for his actions weighs against him. *In re Moncier,* 550 F. Supp. 2d at 809.

**B.     Mitigating Factors**

Although still grounds for discipline, the Court concludes Landstreet's conduct was motivated in large measure to assist his law partner Cowan with Cowan's clients while Cowan was suspended from practice. Because of this, Landstreet was not as diligent with these clients as his professional responsibilities required. Landstreet relied upon Cowan having performed certain tasks prior to his suspension or during his suspension. As it turned out Cowan was not suspended, but by then Landstreet had already assumed responsibility for the clients' bankruptcy cases. However, this is always the danger when an admitted attorney seeks to assist a suspended attorney. Because of the fortuitous circumstance of Cowan's suspension not being carried out, Landstreet did not engage in unprofessional conduct by acting as a front. However, his conduct was still unprofessional and demonstrates, at best, negligence and oversight. Landstreet did not verify the accuracy of the information contained in the bankruptcy petitions, which led to filings that included incorrect and false statements as to the attorney's fee, completion of credit counseling, and accuracy of the signatures in the Marklands' case. Although this was caused by a failure to live up to his professional responsibilities, the absence of bad faith is a factor in Landstreet's favor.

Landstreet attempted to rectify the erroneous filing in the Marklands' case by filing amended petitions after the Marklands had signed the necessary documents. This does not obviate the violation, which occurred at the time of filing, but does mitigate the offense.

According to the Tennessee Board of Professional Responsibility website, Landstreet has no prior disciplinary actions. Since Landstreet does not have a pattern of misconduct, this is a mitigating factor in determining the appropriate discipline for his violations.

Finally, the Court recognizes the cases in question were complicated by Landstreet assuming

12

representation after Cowan had already conducted the initial consultations, and then by Cowan

reassuming representation after Landstreet had filed the bankruptcy petitions. While Landstreet

failed to live up to his professional responsibilities to the clients, the difficulties presented by the

change in representation suggests the violations may have been caused by the situation and not

habitual negligence.

### C. Appropriate Discipline

In determining the appropriate degree of discipline, the Court considers the nature of the

misconduct, the context of the misconduct, the presence or absence of remorse, and any aggravating

or mitigating factors.

The Court also compares Landstreet's conduct with other attorneys who have been subjected

to disciplinary action by the Court. John Anderson (*In re Anderson*, 1:09-mc-1, Court File No. 7)

and Herbert Moncier (*In re Moncier*, 550 F. Supp. 2d 768, 1:08-mc-9, Court File No. 69) were both

suspended for failure to obey a direct court order. Moncier's suspension also resulted from other

misconduct. Disregarding an order of the court is a serious ethical violation, for which neither

attorney expressed remorse. As a result, Anderson was suspended for a period of five years, with

application for early reinstatement allowed after two years of suspension. Moncier was suspended

for a period of five years, with application for early reinstatement permitted after three years of

suspension. Cowan (*In re Cowan*, 1:08-mc-3, Court File No. 8) was suspended for six months after

failing to disclose attorneys' fees and file clients' cases in a timely manner. Cowan had several prior

disciplinary actions and the Court determined he had a recurring problem with diligence and office

management. Although Landstreet's conduct is somewhat similar to his law partner's, he does not

have the same history of ignoring his professional responsibilities. Additionally, it appears

13

Landstreet was motivated to help Cowan, which also makes his misconduct less culpable than Cowan's.

Upon weighing the aggravating and mitigating factors, the Court determines suspension is not necessary. Landstreet has not established a pattern of negligence and he did take steps to minimize the impact on his clients by filing amended petitions for Chad and Tammany Markland. However, the violations are serious and represent a significant lapse in judgment and lack of diligence in representation. Courts rely on attorneys to ensure filings are accurate and well-founded. An attorney who fails to verify representations needlessly complicates the proceeding. Discipline is necessary to adequately emphasize the importance of making accurate representations to the court and confirming clients' eligibility prior to filing for bankruptcy relief. Admitted attorneys must be extremely cautious in assisting suspended attorneys to make sure they do not become fronts for the suspended attorney. Sound judgment is required when taking on cases from suspended attorneys.

Considering all of the above, the Court has determined that the appropriate disciplinary action is a **PUBLIC REPRIMAND**. A public reprimand is warranted to impress upon Landstreet the importance of conforming his professional conduct with the standards of the Eastern District of Tennessee, the importance of his exercising sound professional judgment, to protect the public, and to deter Landstreet and other attorneys from engaging in similar conduct.

The Court **REPRIMANDS** Landstreet for his actions in the cases outlined above. The record in this case will be made publicly available.


IV.    **CONCLUSION**

The Court finds Landstreet has engaged in unprofessional and unethical conduct and violated

the Tennessee Rules of Professional Conduct.  For this reason, the Court deems it in the public interest to publicly reprimand Landstreet.  His conduct has fallen below that required of members of the bar of the Eastern District of Tennessee.  Therefore, the Court **REPRIMANDS** Landstreet.

As the Court has determined discipline is warranted, the public interest in openness in judicial proceedings outweighs the attorney's interest in confidentiality.  The Court **DIRECTS** the Clerk's Office to unseal the record.  The Court also **DIRECTS** the Clerk of Court to unseal the recommendations of Bankruptcy Judge Marcia P. Parsons and the Court's full Memorandum and Order adopting the recommendations and suspending Cowan in *In re Cowan*, 1:08-mc-3 (Court File Nos. 6, 8).

**SO ORDERED.**

**ENTER:**


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

_____